UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES POLLITZ,

        Plaintiff,

v.                                 Case No. 6:15-cv-450-Orl-37KRS

HALIFAX HEALTH; and HALIFAX
STAFFING, INC.,

        Defendants.

## ORDER TO SHOW CAUSE

This cause is before the Court on its own motion. Upon consideration of Defendants' Motion to Dismiss Complaint (Doc. 31), filed April 4, 2015, the Court cannot discern whether Plaintiff's Complaint should be dismissed for Plaintiff's alleged involvement in claim-splitting.

Defendants argue, *inter alia*, that Plaintiff's Complaint must be dismissed because Plaintiff has "impermissibly split causes of action between this case [the "Instant Action"] and [another case] still pending in state court [the "State Court Action"]." (*Id.* at 7–10.)

"To determine whether [] duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit." *Greene v. H & R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (citing *Zephyr Aviation III, LLC, v. Keytech Ltd.,* Case No. 8:07-cv-227-T-27TGW, 2008 WL 759095, at * 1 n.4 (M.D. Fla. March 20, 2008)).

A review of Plaintiff's First Amended Complaint in the State Court Action

(Doc. 31-1), which was filed in July of 2014, reveals that Plaintiff filed similar claims in state court as he did in the Instant Action against similar Defendants. (*See also* Doc. 1.) Halifax Staffing, Inc. is a named defendant in both of the cases, and it appears that the other named defendants in the cases—Thomas Garthwaite and Kim Fulcher[1] in the State Court Action and Halifax Health in the Instant Action—are in privity with one another and with Halifax Staffing, Inc. (*See* Docs. 1, 31-1.) Moreover, the State Court Action includes a claim for a violation of Florida's Sunshine Law and the Instant Action includes a claim seeking a declaration that Defendants violated Florida's Sunshine Law. (Doc. 31-1, ¶¶ 70–74; Doc. 1, ¶¶ 112–119.) Both of these claims arise out of Plaintiff's alleged removal from Defendants' public Board meeting. (*See* Doc. 31-1, ¶¶ 70– 74; Doc. 1, ¶¶ 112–1119.) Further, Plaintiff's claims in the Instant Action regarding his First Amendment rights also arise out of those same facts. (*See* Doc. 1, ¶¶ 93–111.)

In his opposition to Defendants' Motion to Dismiss, Plaintiff fails to address: (1) whether the four Defendants are in "privy" with one another;[2] (2) the fact that both actions have claims that involve Florida's Sunshine Law; and (3) the fact that his First Amendment claims in the Instant Action and his Florida Sunshine Law claim in the State Court Action appear to arise out of the same set of facts.[3]

---

[1] As it stands, Thomas Garthwaite and Kim Fulcher are also named defendants in the Instant Action. However, that is a clerical error, as Plaintiff voluntarily dismissed his claims against these defendants. (*See* Doc. 33.)

[2] Plaintiff simply argues that "there is no possibility that [he] split his causes of action" because Halifax Health was only named as a defendant in the Instant Action, not in the State Court Action. (Doc. 34, p. 18.) The Court interprets this argument as an implication that claim-splitting can only occur where the named parties are identical, which is not the case. *See Greene*, 727 F. Supp. 2d at 1367.

[3] He instead argues that his First Amendment claims arise "from entirely different facts on an entirely different date from the events which supported his state law *whistle blower claim*." (Doc. 24, p. 19 (emphasis added).) While that may or may not be true, it

2

Accordingly, on or before Wednesday, **July 29, 2015**, Plaintiff is **ORDERED TO SHOW CAUSE** why the Instant Action should not be dismissed as a result of his claim-splitting. Plaintiff's filing shall not exceed 5 pages. Plaintiff should address, at minimum, the deficiencies raised in this Order, as well as any other facts he believes may be helpful to the Court in determining that he did or did not split his causes of action. Failure to submit a timely response may result in the Court dismissing the Instant Action without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 24, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

does not address the more prevalent issue—whether they arise from the same facts as the State Court Action Florida Sunshine Law claim.