UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES POLLITZ**,

    Plaintiff**,**                            **CASE NO.: 15-cv-450-GKS-KRS**

**v.**

**HALIFAX HEALTH,** f/k/a
Halifax Hospital Medical Center, a Special
Taxing District of the State of Florida;
**HALIFAX STAFFING, INC.**,
a Florida not for profit corporation;
**TOM GARTHWAITE**, individually
and **KIMBERLY FULCHER**, individually,

    Defendants.
_____/

# PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

    COMES NOW the Plaintiff, by and through his undersigned attorneys, and responds to the Court's Order to Show Cause (Doc. 52), entered on July 24, 2015, and says:

    1.    Plaintiff brought state law claims against Defendant HALIFAX STAFFING, INC. in state court. With the exception of a claim for violation of Florida's Sunshine Law, all of the claims against HAIFAX STAFFING had to do with Plaintiff's termination from employment in retaliation for being a whistleblower. HALIFAX HEALTH is *not* a party to the state court action and never has been.

    2.    Plaintiff brought the instant federal suit against two Defendants, HALIFAX STAFFING and HALIFAX HEALTH.[1] This suit alleges that the Defendants violated Plaintiff's First Amendment rights of free speech and petition. There was a related state law claim

---

[1] Claims brought against two employees of HALIFAX STAFFING were voluntarily dismissed by the Plaintiffs. (Doc. 33).

regarding the right to attend public meetings under Florida's Sunshine Law against Halifax Staffing in the original Complaint and First Amended Complaint that was not part of the subsequent Amended Complaints (2nd and 3rd).

3. As a general matter, Plaintiff wanted to litigate "the federal claims in federal court" and the "state claims in state court".

4. Unfortunately, in drafting the two Complaints, there was an overlap between the two suits against Defendant Halifax Staffing, Inc. with respect to the former Government in the Sunshine count, which relates to Plaintiff's removal from the March 3rd meeting.

5. Plaintiff concedes that his previous claim in the original complaint against HALIFAX STAFFING was split and that Plaintiff's federal claims against that entity are due to be dismissed without prejudice so that they may be heard in the original forum, the state court.

6. However, the action against HALIFAX HEALTH is appropriately maintained in this Court and the Defendant's Motion to Dismiss for claim splitting should be denied as to that Defendant based on prevailing case law.

7. HALIFAX HEALTH was never named as a Defendant in the state court action and it is a separate entity from HALIFAX STAFFING. Because HALIFAX HEALTH is not named as a Defendant in both proceedings, a judgment in the state law proceeding can have no preclusive effect on HALIFAX HOSPITAL (and vice versa). *See*, Robbins v. Gen. Motors De Mexico, S. DE R.L. DE CV., 816 F. Supp. 2d 1261, 1264 (M.D. Fla. 2011) ("Moreover, while Florida law may be silent on mutuality of parties, the federal claim splitting doctrine clearly requires *identity of parties - and in particular identity of defendants*."). (emphasis added).[2]

---

[2] Florida law also requires an identity of defendants in both lawsuits. *See, e.g.*, Alvarez v. Nestor Salesco, Inc., 695 So. 2d 941, 942 (Fla. 4th DCA 1997) ("[T]he rule against splitting causes of action … does not apply where the claims involve different defendants.").

8. In its Order to Show Cause, the Court suggests that the rule applied in Robbins is not inviolate, *citing* Greene v. H & R Block E. Enterprises, Inc., 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (Doc. 52) at 2, n. 2. Presumably, the Court was making reference to the fact that *parties in privity* with named parties may be bound to a judgment in some cases even if they did not directly participate in the original litigation. That is a narrow exception to the general rule.

9. There is no basis on these pleadings to conclude that HALIFAX HEALTH and HALIFAX STAFFING are in privity. HALIFAX HEALTH is sued separately because it is a special taxing district which operates HALIFAX HOSPITAL. (Doc. 1 at 2, ¶9). HALIFAX STAFFING is a separately incorporated entity which provides employment (staff leasing) services for HALIFAX HEALTH on a contract basis. (Doc. 1 at 2, ¶10)

10. Furthermore, the allegations in the Complaint single out HALIFAX HOSPITAL as the responsible entity in two unique ways:

A. Plaintiff is alleged to have attended the March 3, 2014 meeting of the HALIFAX HOSPITAL Board – not the board of HALIFAX STAFFING. (Doc. 1 at 7, ¶36).

B. The trespass notice was issued on the authority of HALIFAX HOSPITAL and pertains to the property of HALIFAX HOSPITAL. (Doc. 1-1 at 2-3 [Ex. 2]). HALIFAX STAFFING is not alleged to have issued the trespass notice.

11. In at least one other case decided in the Middle District of Florida, this Court correctly treated HALIFAX HOSPITAL and HALIFAX STAFFING as separate entities. In United States v. Halifax Hosp. Med. Ctr., No. 6:09-CV-1002-ORL-31, 2014 WL 68603, at *1 (M.D. Fla. Jan. 8, 2014), the two entities were named as separate defendants and the Court

analyzed the claims against each individually.[3] The Court ultimately, found that HALIFAX HOSPITAL potentially controlled its physicians for purposes of the Anti-Kickback Statute even though they were paid by HALIFAX STAFFING. Id. at *8. In another case, the Middle District analyzed claims against a host of other entities wholly owned, controlled or associated with HALIFAX STAFFING (although HALIFAX STAFFING was not named as a defendant) and treated each of those entities separately, without finding privity among any them. *Compare*, Connor v. Halifax Hosp. Med. Ctr., 135 F. Supp. 2d 1198 (M.D. Fla. 2001).

12. The Supreme Court has identified six instances in which a non-party may be held to an adjudication in a case in which that party was not formally joined. *See*, Taylor v. Sturgell, 553 U.S. 880, 893-95, 128 S. Ct. 2161, 2172-73 (2008). Of those six categories, only one might plausibly apply to his case: whether there is a "substantive legal relationship… between the person to be bound and a party to the judgment." Id., 553 U.S. at 894.

13. Florida follows much the same logic in determining whether non-parties are bound by preceding litigation and, hence, whether the rule against claim splitting will apply:

> "One party may be said to be a privy of another whenever there is a mutual or successive relationship to the same right." Osburn v. Stickel, 187 So.2d 89, 91–92 (Fla. 3d DCA 1966); *see also* EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1286 (11th Cir. 2004) ("'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party."). The existence of a virtual representation relationship is based on "closely aligned" interests of a party and a person who is not a formal party. (final citation omitted).

Cook v. State, 921 So. 2d 631, 635 (Fla. 2d DCA 2005).

---

[3] *See, also*, United States v. Halifax Hosp. Med. Ctr., 997 F. Supp. 2d 1272, 1278 (M.D. Fla. 2014) (Further describing the *qui tam* action brought against the two Defendants).

14. Typically, privity is found only where the two defendants are successors or assigns or otherwise share a common entitlement:

> Nonparty preclusion may be justified based on a variety of preexisting substantive legal relationships between the person to be bound and a party to the judgment. Qualifying relationships include, but are not limited to, *preceding and succeeding owners of property,* bailee and bailor, and *assignee and assignor.* These exceptions originated as much from the needs of property law as from the values of preclusion by judgment.

Peter Coppola Beauty, LLC v. Casaro Labs, Ltd., No. 9:14-CV-81488, 2015 WL 3544291, at *7-8 (S.D. Fla. June 8, 2015).

## CONCLUSION

15. HALIFAX HEALTH and HALIFAX STAFFING are not in privity; they are not successors or assignees and neither has surrendered control of this lawsuit to the other. Furthermore, prior litigation in the Middle District against these Defendants has always treated them as independent entities capable of being sued individually. That separate nature has required the Middle District to analyze the various claims against each Defendant individually. This Court must do the same based on the allegations of the Complaint which cannot be read to treat the Defendants as privies and which include allegations of wrongdoing specifically limited to HALIFAX HEALTH. Therefore, there can be no finding of claim splitting even if the facts of the two cases are overlapping.

*Respectfully submitted,*

BENJAMIN, AARONSON, EDINGER & PATANZO, P.A.

FREDERICK C. MORELLO, P.A.

  /s/ Gary S. Edinger  
GARY S. EDINGER, Esquire  
Florida Bar No.: 0606812  
305 N.E. 1st Street  
Gainesville, Florida 32601  
(352) 338-4440 / (352) 337-0696 (Fax)  
GSEdinger@aol.com

  /s/ Frederick C. Morello  
FREDERICK C. MORELLO, Esquire  
Florida Bar No.: 0714933  
111 N. Frederick Ave., 2nd Floor  
Daytona Beach, Florida 32114  
(386) 252.0754 / (386) 252.0921 (Fax)  
live2freefly@gmail.com

*Attorneys for Plaintiff*

I HEREBY CERTIFY that a true and correct copy of the foregoing Response has been furnished to ALEXANDER D. delRUSSO, Esquire [adelrusso@cfjblaw.com] Post Office. Box 150, Attorney for Halifax Health and Halifax Staffing, Carlton Fields Jorden Burt, P.A., West Palm Beach, Florida 33402-0150, via the CM/ECF System this 7th day of August, 2015.

  /s/ Gary S. Edinger  
GARY S. EDINGER, Esquire  
Florida Bar No.: 0606812